**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Melissa Zahora, individually and on behalf of all others similarly situated, | 1:21-cv-00705 |
| Plaintiff, | |
| - against - | Joint Status Report |
| Orgain, LLC, | |
| Defendant | |

The Parties, through their undersigned counsel, submit this Joint Status Report.

**1.      Jurisdiction and Service**

     **A.      Joint Statement**

Defendant ("Defendant") has been served in this proceeding. No remaining parties need to be served. Defendant does not contest personal jurisdiction. The parties agree that venue is proper.

     **B.      Plaintiff's Statement**

The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005. The Court has subject matter jurisdiction over Plaintiff's claim for injunctive relief for the reasons to be set forth when Plaintiff opposes Defendant's motion to dismiss the First Amended Complaint ("FAC").

     **C.      Defendant's Statement**

Defendant does not agree that this Court has subject matter jurisdiction as to Plaintiff's request for injunctive relief.

**2.      Facts**

     **A.      Plaintiff's Statement**

As alleged in the operative complaint, this is an action brought against Defendant for

alleged violation of the consumer protection laws of this state for Defendant's allegedly false, deceptive, and unlawful marketing and sales of its vanilla beverage ("Product").

Defendant misrepresents the key ingredient in the Product – vanilla. Laboratory test results show, or would show, that the vanilla taste of the Product does not come exclusively, or even predominantly, from the vanilla bean but from non-vanilla and even artificial sources. This is material to consumers and in violation of this state's consumer protection laws.

### B.  Defendant's Statement

This is a class action brought on behalf of a purported class of consumers who purchased Defendant's product vanilla beverages. Plaintiff alleges that the product labeling is deceptive because the name "vanilla" and the image of a vanilla flower and bean on the front label misled consumers into thinking that the flavor of the product comes exclusively from the vanilla bean.

Plaintiff is wrong on the facts and law, as dozens of courts have already concluded. No reasonable consumers expect actual vanilla in a mass-produced, affordable nutrition drink. Indeed, Plaintiff cannot credibly claim the Product does not taste like vanilla. This is exactly what she and other consumers received.

### 3.  Legal Issues

### A.  Plaintiff's Position

Plaintiff believes numerous issues of fact preclude dismissal. The FAC plausibly alleges Defendant's representations violate the consumer protection laws of this state.

### B.  Defendant's Position

Plaintiff's First Amended Complaint suffers from the same deficiencies as set forth in Defendant's first motion to dismiss; primarily, that Plaintiff does not plausibly allege a theory of deception and reliance and a reasonable consumer would not be deceived by the labeling of the

product into thinking that the product's vanilla flavor comes exclusively from vanilla bean.

### 4. Motions

Defendant filed a motion to dismiss the Complaint ("Defendant's Motion"). On July 19, 2021, Plaintiff filed a First Amended Complaint.

Defendant will review the FAC, but it is certain Defendant will again seek dismissal of this action.

The parties do not foresee motions seeking to add parties or claims, amend pleadings or transfer venue.

Plaintiff will file a motion for class certification and possibly a motion for summary judgment. Should this case continue beyond the motion to dismiss stage, Defendant intends to oppose any motion for class certification and file a motion for summary judgment.

### 5. Amendment of Pleadings

Plaintiff does not intend to amend the pleadings beyond the FAC.

### 6. Evidence Preservation

Defendant and Plaintiff have each represented that steps have been taken to preserve evidence relevant to this litigation. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence. Should this case continue past the motion to dismiss stage, the parties will meet and confer regarding the scope and nature of electronic discovery in this case as required by and consistent with applicable law and the local rules. If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

### 7. Disclosures

Plaintiff proposes that the parties exchange initial disclosures by July 23, 2021.

Defendant's position is that initial disclosures should be exchanged two weeks after Defendant files an answer to the operative complaint, should this case continue beyond the motion to dismiss stage.

**8.     Discovery**

Neither party has served any formal discovery. The parties have reviewed the ESI Guidelines regarding electronically stored information and will confer regarding discovery.

Because discovery in this action is likely to involve the production of confidential information, the parties anticipate filing a Stipulated Protective Order, and intend to work together cooperatively to reach agreement on the terms of that Order. The parties are conferring regarding the form of Order now and will submit an Order for the Court's consideration and entry. The parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate.

**A.     Plaintiff's Statement**

Plaintiff will issue document requests, interrogatories, and requests for admission. Plaintiff will also depose corporate representatives of Defendant pursuant to Federal Civil Procedure Rule 30(b)(6) as well as employees of Defendant in their individual capacity. Plaintiff will depose any experts that Defendant will use in this matter.

The subjects of Plaintiff's discovery may include, among other subjects, the marketing and labeling of the Product; Defendant's studies of consumer interpretation of the labels; and Defendant's pricing of the Products.

**B.     Defendant's Statement**

With a pending motion to dismiss, it is premature to discuss the format and scope of

discovery. Discovery should not commence until after the Court follows the reasoned decisions of numerous other courts and dismisses this action.

Should this case continue beyond the motion to dismiss stage, Defendant will serve and respond to discovery that is proportional to the needs and posture of the case, including but not limited to written discovery and depositions.

### 9. Class Action

#### A. Plaintiff's Position

Plaintiff contends that this action is maintainable as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff's proposed briefing schedule is set forth in section 18 below.

#### B. Defendant's Position

It is premature to set class certification dates until the pending motion to dismiss is decided, for the same reasons that it would be premature to participate in mediation until such time as the Court rules.

Furthermore, it may be that the next order of business should be summary judgment and not class certification. Defendant respectfully suggests that the Court convene a new case management conference after issuing its decision on the motion to dismiss.

At the appropriate time to set a schedule, Defendant believes that the briefing schedule on any motion for class certification should reflect the amount of time necessary to conduct expert and factual discovery.

Consequently, any class certification schedule that is set should afford Defendant at least 60 days from the date of the motion to prepare its opposition.

### 10. Related Cases

### A. Plaintiff's Statement

Plaintiff is not aware of any related cases.

### B. Defendant's Statement

Plaintiff's counsel Spencer Sheehan has filed numerous similar, but technically not "related" cases.

## 11. Relief

### A. Plaintiff's Statement

Plaintiff seeks monetary and injunctive relief. Plaintiff intends to utilize damage experts to determine the amount of relief.

### B. Defendant's Statement

Defendant denies that Plaintiff or the proposed classes are entitled to any relief in this action.

## 12. Settlement and ADR

The parties have not discussed settlement at this point. The parties believe that if this Court determines the case should move past the pleading stage, settlement discussions may be appropriate.

## 13. Consent to a Magistrate Judge for All Purposes

One or more parties have declined consent to proceed before a Magistrate.

## 14. Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of the Issues**

The parties do not believe any issue can be narrowed at this juncture, except as set forth in Defendant's anticipated motion to dismiss.

**16.     Expedited Trial Procedure**

The parties do not believe that the case can be handled under an expedited trial procedure.

**17.     Scheduling**

   **A.     Plaintiff's Proposed Schedule**

| Event | Proposed Schedule |
|---|---|
| Deadline to Join Parties | 45 days after Defendant files an answer to the operative complaint |
| Deadline to Amend Pleadings | 60 days prior to trial |
| Deadline for Plaintiff to File Motion for Class Certification | 210 days after ruling on Defendant's Rule 12 motion to dismiss |
| Deadline to Complete Depositions of Plaintiff's Experts re: Class Certification | 30 days after filing motion for class certification |
| Deadline for Opposition to Motion for Class Certification | 60 days after filing motion for class certification |
| Deadline to Complete Depositions of Defendant's Experts re: Class Certification | 30 days after filing opposition to motion for class certification |
| Deadline for Plaintiff to File Reply in Support of Class Certification | 60 days after Defendant files opposition to motion for class certification |
| Class Certification Hearing | Pursuant to Court's Schedule |

| | |
|---|---|
| Deadline to Complete Fact Discovery | 120 days after ruling on class certification |
| Last Day for Parties to Exchange Rule 26(a)(2) Initial Expert Disclosures on Merits | 120 days after ruling on class certification |
| Last Day for Parties to Exchange Rule 26(a)(2) Counter Expert Designations on Merits | 150 days after ruling on class certification |
| Last Day to Complete Merits Expert Depositions and Document Production | 180 days after ruling on class certification |
| Deadline to File Dispositive Motions | 30 days after completion of expert discovery |
| Pre-Trial Conference | 30 days after ruling on dispositive motions |
| Trial | TBD |

      **B.**    **Defendant's Position**

To the extent this Court has a strong preference for setting a schedule now, Defendant does not object to Plaintiff's proposed schedule. However, in light of the very real possibility that this Court reaches the same conclusions as the numerous other courts to consider these issues, Defendant submits that it may be premature to discuss scheduling until resolution of the motion to dismiss.

    **18.**    **Trial**

Plaintiff has demanded a jury trial on all matters so triable. The parties anticipate a trial of five to seven days. Defendant respectfully submits that it is premature to set trial dates or estimate the length of trial until after adjudication of class certification.

    **19.**    **Disclosure of Non-party Interested Entities**

To the extent required by this Court's Rules, the parties will file Certifications of Interested Entities or Persons.

**20.** **Professional Conduct**

All attorneys of record have reviewed this Court's Rules and shall abide by the conduct requirements contained therein.

**21.** **Other Matters**

The parties are not currently aware of any other issues affecting the status or management of the case at this time.

Dated: July 19, 2021

Respectfully submitted,

| | |
|---|---|
| Sheehan & Associates, P.C. | Amin Talati LLP |
| /s/ Spencer Sheehan | /s/ Matthew Orr |
| Spencer Sheehan | Matthew R. Orr |
| 60 Cuttermill Rd Ste 409 | 515 S Flower St Fl 18 |
| Great Neck NY 11021 | Los Angeles, CA 90071 |
| Tel: (516) 268-7080 | Telephone: (213) 985-7219 |
| Fax: (516) 234-7800 | Facsimile: (312) 884-7352 |
| spencer@spencersheehan.com | matt@amintalati.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |