IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA ZAHORA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ORGAIN LLC,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>) No. 21 C 705<br>)<br>) Judge Virginia M. Kendall<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Melissa Zahora brings this action against Defendant Orgain LLC ("Orgain"). The Complaint alleges various claims in connection with allegedly deceptive labeling on a vanilla shake container. (Dkt. 17). Specifically, Zahora bring claims for: violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.* (Count I); breach of express and implied warranties (Count II);[1] negligent misrepresentation (Count III); common law fraud (Count IV); and unjust enrichment (Count V). (*Id.*). Orgain now moves for dismissal of Plaintiff's First Amended Complaint in its entirety. (Dkt. 21). For the reasons set forth below, the Defendant's motion [21] is granted.

## **BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor,

---

[1] The Complaint also contains a claim for breach of the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* under Count II, which Plaintiff voluntarily dismissed in her Opposition to Defendant's Motion to Dismiss. (Dkt. 25 at 8 n.2 ("Plaintiff withdraws her claims based on the Magnusson-Moss Warranty Act[.]")).

1

but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The following factual allegations are taken from Zahora's First Amended Complaint, (Dkt. 17), and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Defendant Orgain is a company that manufactures, labels, markets, and sells vegan protein shakes purportedly flavored by vanilla beans under the Orgain brand (the "Product"). (Dkt. 17 ¶¶ 1, 68). However, Plaintiff alleges that Orgain's representation that its Product has a vanilla bean flavor is misleading, because the Product contains a negligible amount of authentic vanilla – and instead is flavored by synthetic vanilla flavoring. (*Id.* ¶¶ 25–27 ("[T]esting of the Product confirmed the Product's 'vanilla' flavor is not from vanilla beans but artificial flavor."), 36–38 ("[L]aboratory analysis detected guaiacol at atypically elevated levels . . . . [and] detection of high levels of guaiacol is a 'fingerprint' of artificial vanilla.")). In particular, Zahora challenges the labeling of the Product as pictured below.

**Exhibit A:
Product's Front Label**[2]



---

[2] Exhibit A presents two images of the Product's front label. The image on the left shows the Product's entire front label. The image on the right isolates the portion of the front label at issue in this case, which reads "Vanilla Bean Flavor" above a vanilla flower and two cured, or processed, vanilla beans. (Dkt. 17 ¶ 16).

**Exhibit B: Product's Ingredient List**[3]

INGREDIENTS: FILTERED WATER, ORGAIN ORGANIC PROTEIN BLEND™ (ORGANIC PEA PROTEIN, ORGANIC CHIA SEEDS), ORGANIC RICE DEXTRINS, ORGANIC CANE SUGAR, ORGANIC NATURAL FLAVORS, ORGANIC HIGH OLEIC SUNFLOWER OIL, ORGANIC INULIN, ORGAIN VITAMIN & MINERAL BLEND™ (SODIUM ASCORBATE, MAGNESIUM SULFATE, ZINC GLUCONATE, DL-ALPHA TOCOPHERYL ACETATE, NIACINAMIDE, VITAMIN A PALMITATE, POTASSIUM, IODIDE, COPPER GLUCONATE, BIOTIN, CALCIUM D-PANTOTHENATE, CYANOCOBALAMIN, ERGOCALCIFEROL, FOLIC ACID, THIAMINE HYDROCHLORIDE, PYRIDOXINE HYDROCHLORIDE, RIBOFLAVIN), ORGANIC RICE BRAN EXTRACT, TRICALCIUM PHOSPHATE, TRISODIUM PHOSPHATE, TRIPOTASSIUM CITRATE, GELLAN GUM, POTASSIUM CHLORIDE, ORGAIN ORGANIC FRUIT BLEND™ (ORGANIC ACAI, ORGANIC APPLE, ORGANIC BANANA, ORGANIC BLUEBERRY, ORGANIC RASPBERRY), ORGAIN ORGANIC VEGGIE BLEND™ (ORGANIC TOMATO, ORGANIC SPINACH, ORGANIC BEET, ORGANIC CARROT, ORGANIC KALE), NATURAL FLAVOR

Zahora alleges that based on this packaging – namely the phrase "Vanilla Bean Flavor" – she "expected most of the flavor would come from vanilla beans and none would come from artificial flavors." (*Id.* ¶ 73). She explains that consumers specifically seek out and pay a premium for food products with natural flavors, which the Product suggests it contains. (*Id.* ¶ 50). She maintains that she "would not have purchased the Product if she knew the [flavor] representations were false and misleading." (*Id.* ¶ 75). Based on these allegations, Zahora brings this putative class action complaint against Orgain. Zahora brings five claims under Illinois law: (1) violation of the ICFA (Count I); (2) breach of express and implied warranties (Count II); (3) negligent misrepresentation (Count III); (4) common law fraud (Count IV); and (5) unjust enrichment (Count V). Zahora seeks both injunctive relief and money damages. (*Id.* at 16). Orgain moved to dismiss the First Amended Complaint in its entirety.

---

[3] Exhibit B presents a list of ingredients contained in the Product at issue. The list reads as follows: Filtered Water, Orgain Organic Protein Blend (Organic Pea Protein, Organic Chia Seeds), Organic Rice Dextrins, Organic Cane Sugar, Organic Natural Flavors, Organic High Oleic Sunflower Oil, Organic Inulin, Orgain Vitamin & Mineral Blend (Sodium Ascorbate, Magnesium Sulfate, Zinc Gluconate, Dl-Alpha Tocopheryl Acetate, Niacinamide, Vitamin A Palmitate, Potassium, Iodide, Copper Gluconate, Biotin, Calcium D-Pantothenate, Cyanocobalamin, Ergocalciferol, Folic Acid, Thiamine Hydrochloride, Pyridoxine Hydrochloride, Riboflavin), Organic Rice Bran Extract, Tricalcium Phosphate, Trisodium Phosphate, Tripotassium Citrate, Gellan Gum, Potassium Chloride, Orgain Organic Fruit Blend (Organic Acai, Organic Apple, Organic Banana, Organic Blueberry, Organic Raspberry), Orgain Organic Veggie Blend (Organic Tomato, Organic Spinach, Organic Beet, Organic Carrot, Organic Kale), Natural Flavor. (Dkt 21-2; *see also* Dkt. 17 ¶ 20).

## LEGAL STANDARD

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 566 U.S. at 678).

Rule 9(b) requires a party alleging fraud to "state with particularly the circumstances constituting fraud." FED. R. CIV. P. 9(b). This heightened pleading requirement was intended to protect against the "great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Thus, pursuant to Rule 9(b), a plaintiff must "describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

4

**DISCUSSION**

**I. ICFA Claim**

In order to state a claim under the ICFA, Zahora must allege with particularity: (1) a deceptive act or practice by Orgain, (2) Orgain's intent for Zahora to rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to her that was (5) proximately caused by the deception. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005); *see also, e.g., Hayes v. General Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *2 (N.D. Ill. July 29, 2021); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005). A statement is "deceptive" if it "creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001). In particular, Zahora must plausibly allege that the Product's label was "likely to deceive <u>reasonable consumers</u>," *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (emphasis added). *See also Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015) (citing *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill.2d 45, 74 (2007)). "[T]he allegedly deceptive [statement] must be looked upon in light of the totality of the information made available to the plaintiff." *Benson*, 944 F.3d at 646 (citation omitted). *See also Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 761–62 (7th Cir. 2014).

A court may dismiss an ICFA claim at the pleading stage if the statement at issue is not misleading as a matter of law. *See Bober*, 246 F.3d at 940 (finding as a matter of law that "none of the [challenged] statements . . . is deceptive" because the label "eliminates any possibility of deception" and "can only be read" in a nondeceptive way); *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477–78 (7th Cir. 2010) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings

5

may well be justified."). *See also, e.g.*, *Hayes*, 2021 WL 3207749, at *2 ("The Court must dismiss an ICFA claim at the pleading stage if the statement is not misleading as a matter of law.") (citations and internal quotation marks omitted); *Zarinebaf v. Champion Petfoods USA Inc.*, No. 18-cv-6951, 2019 WL 3555383, at *6 (N.D. Ill. July 30, 2019) ("[C]ourts routinely analyze whether statements like these are deceptive as a matter of law under the ICFA."); *Ibarrola v. Kind*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015). In addition, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to ICFA claims. *See Benson*, 944 F.3d at 646 (7th Cir. 2019); *Pirelli Armstrong Retiree Med. Corp. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). *See also, e.g.*, *Mercado v. Verde Energy USA, Inc.*, No. 18-cv-2068, 2019 WL 978531, at *3–4 (N.D. Ill. Feb. 28, 2019). Rule 9(b) requires plaintiffs to identify the "who, what, when, where, and how" of the alleged fraud. *Benson*, 944 F.3d at 646.

Zahora maintains that the Product's vanilla flavor is "simulated" and "made through artificial processes," and Orgain failed its duty to disclose that fact under federal and state law. (Dkt. 17 ¶¶ 32, 49, 51–52; *see also* Dkt. 25 at 3–4, 7–8). She argues that given this omission, along with the Product's front label setting forth its "Vanilla Bean Flavor," Orgain falsely caused her to "expect[ ] [that] most of the [Product's] flavor would come from vanilla beans and none would come from artificial flavors." (Dkt. 17 ¶ 73 (emphasis added); Dkt. 26 at 5–6 ("Consumers, including Plaintiff, were deceived by Defendant's omission because there is a 'common expectation and standard practice' this information will be disclosed to them.")). Orgain counters that Zahora's ICFA claim fails as a matter of law because Zahora has not plausibly alleged that the Product's labeling would deceive a reasonable consumer. (Dkt. 21 at 1).

To the extent that Zahora purports to ground her claims in the cited FDA regulations, such reliance is misguided. In particular, she alleges that Orgain is required to make additional

6

disclosures on the Product's front label under 21 C.F.R. § 101.22(i)(2). (Dkt. 17 ¶ 32). However, under 21 U.S.C. § 337(a), enforcement of these provisions is reserved to the federal government alone. In any case, FDA product labeling regulations are not relevant in determining whether Zahora has stated a claim under the ICFA. This case is about a reasonable consumer's understanding of the labeling on Orgain protein shakes and whether a reasonable consumer would believe the Product's flavor "would come from vanilla beans and [not] from artificial flavors." (Dkt. 17 ¶ 73). *See also Bober*, 246 F.3d at 940. Zahora's case is *not* about the enforcement of FDA regulations – which, again, lies solely within the purview of the FDA.

For present purposes, the Court accepts Zahora's allegation that the Product is not predominantly or exclusively flavored by vanilla beans. (*E.g.*, Dkt. 17 ¶ 32). Nonetheless, she fails to plausibly allege that a reasonable consumer would conclude that the words "Vanilla Bean Flavor" on the Product's front label indicates that the Product's flavor was derived exclusively or even mostly from vanilla beans, such that the front label would be deceptive. The front label simply states the beverage has a "Vanilla Bean <u>Flavor</u>." (*Id.* ¶ 16 (emphasis added)). It does not state "made with vanilla." The label also does not promise "all natural" vanilla bean flavor, or that the flavoring derives mostly, or at all, from authentic vanilla extract. Further, the label does not indicate what proportions of the flavoring are drawn from natural or artificial sources. Furthermore, inspection of the ingredients list – which Plaintiff does not appear to allege she did prior to purchase – shows that the product generally contains "Natural Flavor." (*Id.* ¶ 20 ("*Should* consumers scrutinize the Product's ingredient list, they will not see 'vanilla extract' or 'vanilla beans,' but see 'locust bean[s]' and 'NATURAL FLAVORS.' ") (emphasis added); Dkt. 21 at 2 ("The [First Amended Complaint] does not allege that Plaintiff read, let alone relied upon, the side

7

or back label in making any purchase.")). The ingredient list does not make a representation that these natural flavors were derived from a vanilla bean, let alone in what proportion.

Under these circumstances – and setting aside the question of whether Orgain has technically violated certain FDA regulations – a reasonable consumer's reading of the label would only lead her to expect a vanilla bean *flavor* from the Product, however that flavor might be derived. A reasonable consumer would not read into the label what is simply not there: namely, a guarantee that "most of the flavor would come from vanilla beans and none would come from artificial flavors."[4] (Dkt. 17 ¶ 73). Had the Product's label contained words such as "made with vanilla beans" or "contains vanilla beans," then a reasonable consumer might have been led to believe that vanilla from vanilla extract is the primary or exclusive source of its flavor.

Zahora's claims are similar to those brought in other actions brought by plaintiffs challenging products labeled as "Vanilla" or "Vanilla Flavored," despite containing artificial flavoring or trace amounts of vanilla extract. For example, in *Budhani*, the plaintiff challenged a product label that had "a large image of a vanilla flower immediately below the words 'Vanilla Cream,' conveying that the flavor of vanilla comes at least in part from the bean that is attached to the flower and that the Product contains some amount of extract from a vanilla bean." *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 679 (S.D.N.Y. 2021). (*Compare* Dkt. 17 ¶ 16 (showing the Product's "Vanilla Bean Flavor" labeling above an image of a vanilla flower and cured vanilla beans)). Plaintiff argued that the label led consumers to believe that the product's taste would derive predominantly or exclusively from vanilla beans, although the product actually contained

---

[4] Moreover, Zahora points out that there is a market for naturally flavored foods, and that consumers "are willing to pay . . . a premium for products which have natural flavors over products that contain artificial flavors." (Dkt. 17 ¶ 50). This further undermines the plausibility of Zahora's claims. A reasonable consumer willing to pay a premium for naturally-flavored products would be all the more likely to scrutinize packaging and ingredients lists and alert to the absence of affirmative representations that the product is "made with organic vanilla beans."

8

artificial flavoring. *Budhani*, 527 F. Supp. 3d at 673–74. The court granted defendant's motion to dismiss, explaining that the label "makes no representation with respect to the sources of vanilla flavoring or whether . . . all or most of the vanilla flavor comes from vanilla beans." *Id.* at 681 ("The label does not foreclose that other compounds besides extract from vanilla beans contribute to the vanilla flavor. . . . [nor does it imply that] the Product's vanilla flavor is derived predominantly from one ingredient as opposed to another."). The product's ingredients list also did nothing to support the plaintiff's claims. As in the present case, the ingredients list included "natural flavors," but did not state that those natural flavors were "derived mostly or exclusively from a vanilla bean." *Id.* Therefore, and in keeping with the findings in this case, the court held that a reasonable consumer "would not understand that product's vanilla flavor to be derived predominantly or exclusively from vanilla bean extract." *Id.* at 679.

Numerous other courts have dismissed challenges to the use of the word "vanilla" on food labels on the basis that there is nothing in the word "vanilla" itself that would lead a reasonable consumer to understand a product's flavor to be derived mostly or exclusively from the vanilla bean. *See, e.g.*, *Jones v. Orgain, LLC*, No. 20-cv-8463 (VB), 2021 WL 4392783, at *3 (S.D.N.Y. Sept. 24, 2021) (dismissing claim where the label "explicitly states it is 'vanilla bean <u>flavor</u>' ") (emphasis in original); *Garadi v. Mars Wrigley Confectionery US, LLC*, No. 1:19-cv-03209 (RJD)(ST), 2021 WL 2843137, at *3 (E.D.N.Y. July 6, 2021) (explaining the phrase "vanilla ice cream" do not "make any claims about where or in what quantity the vanilla taste comes from. It simply alerts a consumer faced with different flavors that this ice cream tastes like vanilla"); *Robie v. Trader Joe's Co.*, No. 20-cv-07355-JSW, 2021 WL 2548960, at *6 (N.D. Cal. June 14, 2021) (finding that the phrase "Vanilla Flavored" does not suggest to the reasonable consumer that the flavor comes exclusively from the vanilla bean); *Clark v. Westbrae Natural, Inc.*, No. 20-cv-

03221-JSC, 2021 WL 1580827, at *2 (N.D. Cal. Apr. 22, 2021) (dismissing challenge to "Vanilla Soymilk" label because it lacked "any other words or pictures that suggest the vanilla flavor is derived *exclusively* from the vanilla bean") (emphasis in original); *Dashnau v. Unilever Mfg. (US), Inc.*, No. 19-cv-10102 (KMK), 2021 WL 1163716, at *6 (S.D.N.Y. Mar. 26, 2021) ("[T]he words 'vanilla bean' are used to modify the words 'ice cream,' thereby specifying the flavor consumers can expect. The Product label does not contain an ingredient claim such as 'Made With Vanilla Beans,' or 'Made From Vanilla Beans,' in which case the Court's conclusion would likely be different."); *Cosgrove v. Oregon Chai, Inc.*, 520 F.Supp.3d 562, 581 (S.D.N.Y. 2021) (concluding that the word "vanilla" on the front of the package "appears to describe a flavor more than an ingredient" where there was "no reference to 'vanilla bean' or 'vanilla extract' anywhere on the packaging; nor [was] there any reference to the product being 'made with' or 'made from' any part of the vanilla plant"); *Parham, v. ALDI, Inc.*, No. 1:19-cv-08975 (PGG) (SDA), 2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021) ("A reasonable consumer would understand that the word 'vanilla' on the front of the carton describes how the Product tastes, not what it contains, especially in circumstances where the ingredients listed . . . do not mention vanilla at all."); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F.Supp.3d 154, 162 (S.D.N.Y. 2021) ("A reasonable consumer would understand that 'vanilla' is merely a flavor designator, not an ingredient claim."); *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *4 (S.D.N.Y. Jan. 19, 2021) (finding "a reasonable consumer would [not] see a 'Vanilla Almondmilk' beverage and be misled into concluding that the vanilla flavor derived exclusively from real vanilla" where the "front label makes no explicit claims about the ingredients constituting the flavor . . . for example, [it does not] say 'made with real vanilla extract' or even mention vanilla extract at all"); *Barreto v. Westbrae Natural, Inc.*, No. 19-cv-9677 (PKC), 2021 WL 76331, at *4 (S.D.N.Y. Jan. 7, 2021) (explaining

10

that the words "Vanilla Soymilk" and "Natural Vanilla Flavor With Other Natural Flavors" make "a representation regarding . . . flavor [but do] not imply or represent [that] the source of that flavor comes exclusively or predominantly from natural vanilla"); *Cosgrove v. Blue Diamond Growers*, No. 19-cv-8993, 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020) (concluding that a reasonable consumer would associate the word "vanilla" with a flavor, rather than a particular ingredient); *Pichardo v. Only What You Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) (finding that "reasonable consumers associate the word 'vanilla' with a flavor, not an ingredient"); *Steele v Wegmans Food Mkts. Inc.*, 472 F.Supp.3d 47, 50 (S.D.N.Y. 2020) (explaining that the word "vanilla" assists buyers in determining the *flavor* of a product, rather than the source of that flavor).

Like the plaintiffs in these cases, Zahora fails to plausibly allege that the Product label would lead a reasonable consumer to believe the Product's flavor was derived from mostly natural, or all natural ingredients. Her ICFA claim therefore must be dismissed.

## II. Common Law Claims

Zahora brings state law claims for breach of express and implied warranty, negligent misrepresentation, fraud, and unjust enrichment. These claims are similarly premised on the assertion that Orgain's labeling is materially misleading for reasons discussed in connection with her ICFA claims. (*See, e.g.*, Dkt. 17 ¶¶ 93 (alleging breaches of express and implied warranties based on Orgain's alleged false representation that "the Product's flavoring contained mostly flavor from vanilla beans and had no artificial flavors"), 100 ("Defendant had a duty to truthfully represent the Product, which it breached."), 105 ("Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained mostly flavor from vanilla beans and had no artificial flavors."), 107 ("Defendant obtained benefits and monies because the Product was not

11

as represented and expected.")). Absent a plausible allegation of deception, as discussed above, these remaining claims must also be dismissed for the reasons already stated. *See, e.g.*, *Hayes v. General Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021) (noting plaintiff's ICFA and common law claims "rise and fall together); *Ibarrola*, 83 F. Supp. 3d at 759–61 (analyzing ICFA, fraud, and unjust enrichment claims together). *See also, e.g.*, *Bober*, 246 F.3d at 943 ("[I]n the absence of any deception on the part of the defendants, the requisite [elements of unjust enrichment are] not present."); *Garadi,* 2021 WL 2843137, at *4; *Cosgrove*, 2020 WL 7211218, at *3. Therefore, the First Amended Complaint is dismissed as to Counts II–V.

### III. Injunctive Relief

Finally, Orgain moves to dismiss Zahora's request for injunctive relief under Rule 12(b)(1) for lack of standing, which the Court will address for completeness. (Dkt. 21 at 14–15; Dkt. 26 at 7–8). To establish such standing, Zahora must show a " 'real and immediate' threat of future violation of [her] rights[.]" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Courts in the Seventh Circuit have denied requests for injunctive relief where a plaintiff alleges they were deceived into purchasing a product they did not want and, because of the alleged fraud, would be unlikely to purchase the product again. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, he is not likely to be harmed by the practices in the future . . . [and] is not entitled to injunctive relief"); *Burton v. Hodgson Mill, Inc.*, No. 16-cv-1081-MJR-RJD, 2017 WL 1282882, at *7 (S.D. Ill. Apr. 6, 2017) (holding named plaintiff in putative class action lacked standing to seek injunctive relief where she was "unlikely to purchase [defendant's] product again if she is truly harmed and deterred by their advertising conduct").

Zahora alleges she would not have purchased the Products had she been aware of Orgain's alleged deceptive representations. (Dkt. 17 ¶¶ 75, 92, 99, 104). Now that Zahora is aware of Orgain's conduct, it is unlikely that she will purchase the Product again during the pendency of this case. This is fatal to her claim for injunctive relief. *See, e.g.*, *Bohn v. Boiron, Inc.*, No. 11-cv-08704, 2013 WL 3975126, at *3 (N.D. Ill. Aug. 1, 2013) (holding plaintiff lacked Article III standing after maintaining she would not have purchased defendants' products "had she known the truth about Defendants' misrepresentations and omissions") (internal quotation marks omitted).

Zahora also contends she has standing to seek an injunction because other members of the proposed class are likely to suffer harm. (Dkt. 25 at 10 ("Until Defendant's conduct is stopped, every single time a consumer buys one of the fraudulently labeled products, he or she could be deceived.")). However, Zahora "cannot rely on the prospect that other consumers may be deceived by [Orgain's] product[s] to show that she has standing to pursue injunctive relief." *E.g.*, *Bohn*, 2013 WL 3975126, at *3 (citing *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004)). Accordingly, Zahora fails to plead sufficient facts to show a likelihood of personal future harm and thus does not have standing to seek injunctive relief at this time. The Court thus grants the motion to dismiss with respect to Zahora's request for injunctive relief.

## **CONCLUSION**

Defendant Orgain's motion to dismiss [21] is granted as to all counts.

_____
Virginia M. Kendall
United States District Judge

Date: November 4, 2021